Citation Nr: 1743999 
Decision Date: 09/18/17 Archive Date: 10/10/17

DOCKET NO. 13-23 411 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in North Little Rock, Arkansas


THE ISSUE

Entitlement to service connection for a back disability.


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

A. Barone, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from September 1971 to June 1972. This matter is before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating action of the Little Rock, Arkansas Department of Veterans Affairs (VA) Regional Office (RO). The Board remanded the claim in October 2015. In December 2015, a videoconference hearing was held before the undersigned. A transcript is in the record.

This matter returned to the Board in April 2016, when the Board (1) reopened a claim of entitlement to service connection for a back disability, (2) denied the claim of entitlement to service connection for a back disability on the merits, and (3) dismissed a withdrawn appeal for service connection for a disorder of the urethra. The Veteran appealed the portion of the April 2016 Board decision denying service connection for a back disability to the United States Court of Appeals for Veterans Claims (Court). In December 2016, the Court issued an order which granted a joint motion of the parties for partial remand (the Joint Motion), dated that same month; the Joint Motion and Court order vacated the Board's April 2016 decision only to the extent of the denial of service connection for a back disability. The Joint Motion indicated that the determinations on other issues in the April 2016 Board decision were not disturbed, and only the reopened back disability service connection issue (on the merits) was returned to the Board for review at that time.

The Board notes that the Veteran appointed a new representative in June 2016. In February 2017, the appointed representative submitted a letter to VA (and copied to the Veteran) notifying VA and the Veteran of the representative's withdrawal from representing the Veteran before VA. As the record does not contain a new power of attorney, the Veteran is currently unrepresented.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The December 2016 Joint Motion determined that "the Board erred when it did not ensure that the Department of Veterans Affairs (VA) complied with its duty to assist under the requirements of 38 U.S.C. § 5103A and 38 C.F.R. § 3.159(c) by providing an examination that was adequate." The Joint Motion noted that "the Board denied entitlement to service connection for a back disability, on the basis that the back injury manifested after service and is not shown to be related to service. As a basis for this finding, the Board discussed and relied on the April 8, 2014, VA examination and opinion." The Joint Motion discussed, in particular, that "[t]he Board specifically relied on the VA examiner's opinion that the back disability was less likely than not incurred in or caused by the claimed in-service injury, event, or illness because the STRs and subsequent records 'chronicle back issue in detail' and there was an 'additional 12 year period 1972-1984 in which veteran in which [sic] to incur DDD.'" The Joint Motion explains that "the parties agree that the April 8, 2014, VA examination report is inadequate because the VA examiner appears to rely on an inaccurate factual premise that Appellant did not seek treatment for a back disability until 1984, and the VA examiner does not address Appellant's lay statements regarding his symptomatology since separation from service."

The Joint Motion discusses that "[i]n January 2011, Appellant wrote that he suffered from severe muscle spasms while in the military, and he has continued to have problems with his lumbar spine since then." Additionally, "[i]n July 2013, William L. Rutledge, M.D., Appellant's treating doctor wrote a letter stating he has treated Appellant since 1984, and that Appellant had reported injuring his back in the Navy while carrying 140 pounds of frozen meat and slipping on a ladder." Furthermore, "Dr. Rutledge indicated that Appellant experienced back problems, and 'even upon discharge [he] had continuous progressive lower back pain. Dr. Rutledge stated [] Appellant had been diagnosed with arthritis of the lumbar spine at age 32 and currently has lumbar disc disease."

The Joint Motion then discusses that during the December 2015 Board hearing, the Veteran "testified that he was required to carry cases of meat from the freezer to the mess decks, and he had slipped down a ladder and injured his back." Additionally, "Appellant testified that since that injury, he was treated by his private doctor after leaving the military until that doctor's death [in] 1984, and since that time he has been treated [by] his current private physician." Furthermore, "Appellant testified he has had consistent problems with his back from the in-service back injury until present."

The Joint Motion then explains that "[w]hile the VA examiner noted the July 2013 letter from Dr. Rutledge, the examiner found that Dr. Rutledge did not 'address [Appellant's] back between exit [in] 1972 and 1984, a 12 y[ea]r period," yet "[t]he parties note, however, that Dr. Rutledge described Appellant's reported history of experiencing back pain in service and his 'continuous progressive lower back pain'" and "Dr. Rutledge further noted that Appellant had been found to have arthritis of the back in 1982...." The Joint Motion explains that "after this [the April 2014 VA medical] opinion was obtained, Appellant presented testimony to the Board as to his back symptomatology since service" such that "[t]he VA examiner did not have the opportunity to consider this testimony." The Joint Motion concludes that "[a]s there is evidence of record of back symptomatology and diagnosis of arthritis prior to 1984, the parties agree that the April 8, 2014, opinion provided is not adequate, and the duty to assist was not satisfied in this case. Remand is warranted for a new VA examination or opinion consistent with the terms of this motion."

Accordingly, the case is REMANDED for the following action:

1. The AOJ should secure for the record copies of complete updated clinical records (any not already of record) of all VA and/or private treatment the Veteran has received for his disability on appeal. If the Veteran has received pertinent private treatment, the AOJ should ask the Veteran to provide the releases necessary for VA to secure the records of such treatment.

2. After completion of the foregoing, the AOJ should schedule the Veteran for an appropriate VA examination to determine the nature and likely etiology of his claimed back disability. All testing deemed necessary by the examiner should be performed and the results reported in detail. The claims folder must be available for review by the examiner in conjunction with the examination.

Based on the examination and review of the record, the examiner should address the following: Is it at least as likely as not (50 percent or higher degree of probability) that any currently diagnosed back disability is causally related to the Veteran's military service, to include any incident or injury during service. To ensure compliance with the terms of the Joint Motion, the opinion should specifically discuss:

(a) The Veteran's testimony, including in a January 2011 written statement, that he suffered from severe muscle spasms while in the military, and he has continued to have problems with his lumbar spine since then.

(b) The July 2013 letter from Dr. Rutledge stating he has treated the Veteran since 1984, that the Veteran had reported injuring his back in the Navy while carrying 140 pounds of frozen meat and slipping on a ladder with subsequent continuous progressive lower back pain "even on discharge," and that the Veteran had been diagnosed with arthritis of the lumbar spine at age 32 and currently has lumbar disc disease.

(c) The Veteran's testimony at the December 2015 Board hearing describing that during service he was required to carry cases of meat from the freezer to the mess decks, that he had slipped down a ladder and injured his back, that he has had consistent problems with his back from the described in-service back injury until present, that since that injury he was treated by his private doctor after leaving the military until that doctor's death [in] 1984, and that since that time he has been treated [by] his current private physician.

A complete rationale must be provided for all opinions. If the examiner cannot provide an opinion without resort to speculation, the examiner should provide an explanation as to why this is so and note what, if any, additional evidence would permit such an opinion to be made.

3. When the development requested above is completed, the AOJ should review the record and consider all the available evidence, arrange for any further development deemed necessary, and readjudicate the issue remaining on appeal. If the claim on appeal remains denied, the Veteran and his representative should be furnished an appropriate supplemental statement of the case (SSOC) and afforded an opportunity to respond. This case should then be returned to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
M. C. GRAHAM
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).